IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM LED, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EBAY, INC., ET AL, <br><br> Defendants. | No. C 12-00350 SI <br><br> **ORDER GRANTING IN PART EBAY, INC.'S MOTION TO DISMISS; GRANTING EBAY EUROPE S.A.R.L. AND EBAY INTERNATIONAL'S MOTION TO DISMISS** |

Currently before the Court are defendants' motions to dismiss. Those motions are scheduled for hearing on May 25, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS in part defendant eBay, Inc.'s motion to dismiss and GRANTS defendants eBay Europe S.á.r.l. and eBay International AG's motion to dismiss.

**BACKGROUND**

Plaintiff filed this class action on January 23, 2012, asserting causes of action against eBay, Inc. (eBay), eBay Europe S.á.r.l. (eBay Europe) and eBay International AG's (eBay International) for alleged breach of contract and fraud related to the operation of the "Featured Plus!" listings on eBay's related websites. Plaintiff alleges that eBay is an "integrated" online marketplace that utilizes various "entry points" including www.ebay.com ("Core eBay"), www.motors.ebay.com ("eBay Motors") and

stores.ebay.com ("eBay Stores). Complaint ¶ 6. Plaintiff alleges that all of these websites are interconnected and a search for an item listed on eBay Motors can be initiated from many of the eBay website/webpages including Core eBay and eBay Stores. *Id*. Plaintiff further alleges that because of the common web design, format and interconnectedness of the eBay sites, consumers cannot readily discern whether they are on a Core eBay site or an eBay Motors site. *Id*.

Plaintiff alleges that in order to list items for sale, sellers have to agree to eBay's uniform User Agreement, which is the same for users of eBay and its related sites as well as eBay Europe and eBay International. *Id*., ¶ 7. Sellers also have to agree to the eBay fees schedule, which provides a further link to fees for listings on eBay Motors. *Id*., ¶ 8. The eBay Motors Fees Schedule includes "optional feature fees," one of which is the "Featured Plus!" upgrade that costs as much as $39.95 per listing. *Id*. Within the eBay Motors Fees Schedule, the term "Featured Plus!" is linked to a listing upgrade page which includes "eBay Motors listing upgrades" and describes "Featured Plus!" as:

> **Featured Plus!**: Your item appears in the **Featured Items** section at the top of the search results list page.

*Id*., ¶ 10 & Ex. E (emphasis in original).

Plaintiff argues that under the plain meaning of these web pages – which plaintiff asserts constitute the parties' contract – any items that plaintiff paid "Features Plus!" fees for should necessarily appear in a "Featured Items section" at the top of *any* search list, whether those searches were conducted from eBay Motors or from Core eBay or any of the other eBay sites. Complaint ¶ 14. Plaintiff asserts, however, that "Featured Plus!" does not work. *Id*. Specifically, plaintiff contends that if a search is conducted from a Core eBay site/page, no Featured Plus! items will be shown at the top of the search list, even though listings from eBay Motors will be displayed. Also, if a search is conducted from an eBay Motors site/page, but that search is for products across all categories (*i.e*., not limited to eBay Motors' listings), no Featured Plus! entries will be shown at the top of the search list. Finally, if a search is conducted from an eBay Motors site/page, but the user chooses to view the results by any criteria other than "Best Match,"[1] no Featured Plus! entries will be shown at the top of the search list. *Id*. Plaintiff also alleges that in "certain periods," including the latter half of 2011, Feature Plus! was

---

[1] Plaintiff notes that a user has seven options to choose from to display search results, including the default "Best Match." Complaint, ¶ 15

2

not working, yet eBay continued to market it as an enhancement option. *Id.*, ¶ 16. Based on these allegations, plaintiff filed this purported class action alleging claims for breach of contract; unfair competition (Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL")); false advertising (Cal. Bus. & Prof. Code § 17500 *et seq* (FAL)); fraud and deceit (Cal. Civ. Code §§ 1572, 1709, 1710); unjust enrichment; and declaratory judgment.

Defendants move to dismiss the substance of plaintiff's claims, arguing that under the plain language of the parties' agreement - which limited the availability of the "Featured Plus!" upgrades to eBay Motors listings – only searches within eBay Motors would return "Featured Plus!" listings. They also argue that by operation of the site and consumer's ability to have search results listed by factors other than Best Match, *e.g.*, by price, the fact that searches sorted by price would not return Featured Plus! listings at the top cannot breach the parties' contract. Finally, defendants argue the vague allegations regarding when "Featured Plus!" was not working are insufficient under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Defendants move to dismiss plaintiff's remaining fraud-based claims, arguing that those claims fall for the same reasons the breach of contract claim fails.

eBay Europe (which plaintiff alleges is located in Luxembourg, Complaint, ¶ 2) and eBay International (which plaintiff alleges is located in Bern, Switzerland, *id.*) separately move to dismiss arguing that because plaintiff's contract was with eBay only, plaintiff does not have standing to sue these foreign entities.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading

1   of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative
2   level." *Twombly*, 550 U.S. at 544, 555.

3       In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court
4   must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the
5   plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the
6   court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions
7   of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

**1.    Motion to Dismiss**

    **A.    Breach of Contract**

Plaintiff and defendants both assert that the language of the parties' contract – comprised of the User Agreement, eBay Motors Fees Schedule and the eBay Motors listing upgrades description – is unambiguous and supports each of their different interpretations. Defendants argue that because the "Featured Plus!" upgrade was expressly offered as an eBay Motors upgrade – and is not offered on any other fee schedule for the other eBay sites – plaintiff's breach of contract claim fails as a matter of law. This is because, according to defendants, the contract requires only that searches conducted from eBay Motors in default mode (*i.e.*, Best Match) will return Featured Plus! items in a Featured Items section at the top of the search list. Plaintiff contends that because of the interconnectedness of the eBay sites and because the eBay Motors listing upgrades description is without limitation, the contract guarantees that in any search – initiated from any eBay site/page and whether or not limited to "Best Match" – Featured Plus! items should be shown in a Featured Plus section at the top of the results list.

As a general principle, "[a] contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code § 1636. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." *Id.* at § 1638. "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause

4

helping to interpret the other." *Id.* at §1641. "Whether a contract provision is ambiguous is a question of law." *Maffei v. Northern Ins. Co. of New York*, 12 F.3d 892, 898 (9th Cir. 1993).

The Court disagrees with the parties and, based on the record currently before the Court, finds the language of the parties' contract to be ambiguous. This is not a case, as defendants assert, where plaintiff is attempting to impose an obligation that is beyond the scope of, or does not appear in, the contract. *See* Motion at 7-8. Instead, it is a case where plaintiff contends the Featured Plus! description mandated that Featured Plus! items be placed in a "Featured Plus section" at the top of any responsive search list. Neither party has pointed to any provision of the parties' contract that defines what the "Featured Plus section" is or how it was to operate. Defendants' argument that the contract did not promise "priority" if consumers initiated their search from Core eBay or decided to sort their search results by anything other than "Best Match," ignores that the Featured Plus! description did promise to list Featured Plus! items in a "section at the top of the search results page" without any limitation or description. The Court recognizes that the Featured Plus! description was included as part of the "eBay Motors listing upgrades" and was included only on eBay Motors' Fees Schedule, but that does not make the meaning of "Featured Items section at the top of the search results page" unambiguous. It instead provides a *context* and the meaning of that context is better determined on a full record addressing the objectively reasonable expectations of eBay sellers who post listings and, perhaps, eBay consumers who search for products. *See e.g., Buckley v. Terhune*, 441 F.3d 688, 698 (9th Cir.2006) (courts attempting to resolve an ambiguity in a contract must "consider[] the disputed or ambiguous language in the context of the contract as a whole and of the relevant surrounding circumstances."). Similarly, the fact that – as both sides agree – the Featured Plus! listings only appear when the default "Best Match" criteria is used to view search results does not mean that a reasonable seller would understand that the contract did not require a Featured Items section to appear at the top of the search list when, for example, a consumer chooses to "list by price" the search results. The resolution of that question also depends on context and a fuller record.

With respect to plaintiff's allegations "on information and belief" that Featured Plus! was non-functional for an unspecified period of time, Complaint ¶ 16, the Court find that for purposes of the

5

breach of contract claim, plaintiff has provided enough specificity to meet Rule 8's pleading requirements.

Defendants' motion to dismiss plaintiff's breach of contract claim, therefore, is DENIED.[2]

### B. Unfair Competition Law, False Advertising and Fraud and Deceit Claims

Defendants also move to dismiss plaintiff's UCL, FAL and fraud and deceit claims arguing that because these fraud-based claims are based on the same allegations as the breach of contract claim, they too should fail. *See, e.g., Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 796 (9th Cir. 1996) (affirming dismissal of fraud claim because where defendant had not breached its contract and had fulfilled its obligations under the contract, "the alleged representation is not false, and therefore not fraudulent."). Here, however, the Court has found that plaintiff has stated a breach of contract claim, at least at this juncture.

Defendants also argue that plaintiff has failed to allege justifiable reliance either for its fraud and deceit claims or for the fraud-based UCL claim. *See* Motion at 10-11; *see also* Complaint, ¶ 18 (plaintiff relied on the Featured Plus! description page and "would not have purchased the Featured Plus! option had it known that those listings would not have priority at the top of all eBay search results."). Defendants contend that plaintiff cannot, as a matter of law, allege justifiable reliance on a promise to be listed in a Featured Items section at the top of the search lists on all pages when not all eBay sites have Featured Items sections and because such an expectation was contrary to the express terms of the parties' contract. However, the Court has found that terms of the contract are not unambiguous and the context of the listings and searches needs to be further developed (which cannot be done on a motion to dismiss). Therefore, plaintiff's allegation of justifiable reliance is adequately alleged at this point.

Finally, defendants argue that plaintiff's common law fraud and deceit claims should be dismissed as an improper attempt to secure tort liability for contractual damages. The economic loss

---

[2] Defendants request the Court take judicial notice of two searches it conducted for "HID," one from eBay Motors and one from Core eBay, because that type of search was explicitly referenced in plaintiff's complaint. *See* Request for Judicial Notice [Docket No 24] & Murata Decl. [Docket No. 25]; *see also* Complaint ¶ 13. Plaintiff opposes the request for judicial notice. As the material that defendants' request the Court to judicially notice is not relevant to the Court's determination on the motions to dismiss, the Court DENIES the request for judicial notice.

rule bars recovery for tort liability based on basic contractual disputes. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). That rule, however, does not bar fraud and intentional tort liability if those claims are independent of a breach of contract claim. *Id.* (economic loss rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectation, unless he can demonstrate harm above and beyond a broken contractual promise."). Plaintiff, however, has not identified any conduct outside of the conduct that supports its breach of contract claim or explained how its has suffered harm "independent" of the damages caused by the alleged breach of contract. *Id.*, at 993 (economic loss rule will not bar claims where "a defendant's affirmative misrepresentations on which a plaintiff relies [ ] expose[s] plaintiff to liability for personal damages independent of the plaintiff's economic loss"); *see also Yingling v. eBay, Inc*., 2009 U.S. Dist. LEXIS 131776, *17-18 (N.D. Cal. Nov. 4, 2009) (dismissing fraud and deceit claims where plaintiffs "failed to allege any harm above and beyond the economic harm that they suffered as a result of the alleged breach of contract" and failed to "allege[] any duty breached by Defendant independent of the contract obligations").

Therefore, the Court GRANTS defendants' motion to dismiss the common law fraud and deceit claims – plaintiff's Fourth Cause of Action – for failure to state a claim. As plaintiff has not argued that it could allege facts establishing a duty independent of the parties' contractual relationship or harm above and beyond the economic harm it suffered from the alleged breach of contract, this cause of action is dismissed WITHOUT LEAVE TO AMEND.

### C. Unjust Enrichment

Defendants move to dismiss plaintiff's unjust enrichment claim, arguing that California law does not recognize a stand alone claims for unjust enrichment. As this Court recently recognized, California courts are split on whether unjust enrichment can be alleged as an independent claim. *Siegel v. AU Optronics Corp. (In re TFT-LCD (Flat Panel) Antitrust Litig.)*, 2011 U.S. Dist. LEXIS 105151, *20-23 (N.D. Cal. Sept. 15, 2011). However, the larger impediment to plaintiff's unjust enrichment claim is that plaintiff alleges there is a valid and enforceable contract between the parties. In that situation, stand alone or quasi-contract claims for unjust enrichment are generally not allowed. *See GA Escrow, LLC v. Autonomy Corp. PLC*, 2008 U.S. Dist. LEXIS 93480 (N.D. Cal. Nov. 7, 2008) (*citing Paracor*

7

*Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)); *see also In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 718 (N.D. Cal. 2011) ("Under California law, unjust enrichment is an action in quasi-contract. . . . Although Rule 8 of the Federal Rules of Civil Procedure allows a party to state multiple, even inconsistent claims, the rule does not allow a plaintiff invoking state law to assert an unjust enrichment claim while also alleging an express contract.").[3]

Therefore, plaintiff's fifth cause of action for unjust enrichment is DISMISSED WITHOUT LEAVE TO AMEND.

### D.   Declaratory Judgment

Finally, defendants move to dismiss plaintiff's sixth cause of action for declaratory judgment, arguing that because the contract claim will resolve the parties' rights under the contract – the same relief sought in the declaratory relief cause of action, Complaint, ¶ 47 – a claim for declaratory relief is superfluous. The Court agrees. The claim for declaratory relief will not accomplish anything in addition to the resolution of plaintiff's breach of contract claim and, therefore, it is not appropriate. *See, e.g., United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."); *but see StreamCast Networks, Inc. v. IBIS LLC*, 2006 U.S. Dist. LEXIS 97607 (C.D. Cal. May 1, 2006) (declining to dismiss declaratory relief claim where contract and declaratory relief claims sought different forms of relief and declaratory relief claim was necessary to determine whether plaintiff could terminate ongoing agreement).

Plaintiff's sixth cause of action for declaratory relief is DISMISSED WITHOUT LEAVE TO AMEND.

---

[3] The Court notes that California law recognizes that unjust enrichment is "synonymous with restitution," *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (Cal. App. 2004), and under plaintiff's existing UCL claim restitution is the primary form of relief available. Therefore, plaintiff's claim for restitution still exists in this case.

8

**2.      Motion to Dismiss Parties eBay Europe and eBay International**

In addition to the grounds for dismissal of the claims discussed above, the foreign defendants move to dismiss based on plaintiff's lack of standing to assert claims against them. They urge that plaintiff did not have a contract with the foreign entities and plaintiff has not alleged how the foreign entities harmed plaintiff. *See Degelmann v. Advanced Medical Optics, Inc*., 659 F.3d 835, 839 (9th Cir. 2011) (Article III "[s]tanding requires an injury in fact, which is traceable to the defendant's acts and redressable by a court decision."); Cal. Bus. & Prof. Code § 17204 (in order to have standing to prosecute a UCL claim, a plaintiff must show that he or she has "lost money or property" as a result of defendants' conduct); *see also Berclain America Latina v. Baan* Co., 74 Cal. App. 4th 401, 405 (Cal. App. 1st Dist. 1999) (to have standing to assert breach of contract claim, the plaintiff must "be a signatory to the contract, or to be an intended third party beneficiary.").

Plaintiff argues that because all three defendants "are parties" to the eBay User Agreement that forms part of plaintiff's contract, plaintiff has standing to pursue claims against the foreign entities. However, the User Agreement provides:

> By using eBay (including eBay.com and its related sites, services and tools), you agree to the following terms with eBay, Inc. and the general principles for the website of our subsidiaries and international affiliates. If you reside outside of the United States, you are contracting with one of our international eBay companies. In countries within the European Union, your contract is with eBay Europe, S.á.r.l.; in all other countries, your contract is with eBay International AG.

Plaintiff admits that it is domiciled in New Jersey. As such, under the clear terms of the User Agreement, plaintiff's agreement was with eBay, Inc. and not eBay Europe or eBay International. Nevertheless, plaintiff argues because all three defendants utilize the exact same User Agreement, plaintiff has standing to pursue the class claims against the foreign defendants on behalf of those who actually contracted with eBay Europe and eBay International. However, plaintiff cannot, either as an individual or as a class representative, attempt to bring a claim against the foreign entities without showing that it either had a contract with those entities or alleging facts showing that those entities' conduct injured plaintiff. *See Noll v. eBay, Inc*., 2012 U.S. Dist. LEXIS 58672, *11-12 (N.D. Cal. Apr. 23, 2012) (RS) (dismissing eBay Europe and eBay International because plaintiff failed to allege any contract between himself and foreign entities or any harm by foreign entities). Nor can plaintiff get around its lack of standing at this pleading stage by relying on the juridical-link doctrine. *See Cady v.*

9

*Anthem Blue Cross Life & Health Ins. Co.*, 583 F. Supp. 2d 1102, 1107 (N.D. Cal. 2008) (CW) (noting that the juridical-link doctrine has been held not to apply to standing questions at the pleading stage, and dismissing claims against defendants with whom plaintiff had no contractual relationship).

As such, defendants eBay Europe and eBay International's motion to dismiss is GRANTED. As plaintiff has not argued that it can allege a contract with either defendant or any harm caused by the foreign entities, these defendants are DISMISSED WITH PREJUDICE.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's claims is GRANTED in part and DENIED in part. Plaintiff's fourth, fifth and sixth causes of action are DISMISSED WITH PREJUDICE. eBay Europe and eBay International's motion to dismiss is GRANTED and eBay Europe and eBay International are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: May 24, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE