UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM LED, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>EBAY, INC, et al.,<br><br>    Defendants. | Case No. 12-cv-00350-JST<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: ECF Nos. 78, 80 |

A joint motion for preliminary approval of a proposed settlement is pending in this putative class action for breach of contract and related claims. Plaintiff Custom LED moves to seal certain portions of the brief and the Verges Declaration filed in support of the motion for preliminary approval of the proposed settlement. ECF No. 78. Defendant eBay, the party who designated the materials at issue as confidential under a protective order, filed a declaration establishing that the designated information is sealable. ECF No. 80.

The information subject to sealing includes financial and performance metrics regarding Featured Plus!, the product giving rise to the claims at issue in this action. eBay argues that this information is confidential, proprietary, and has competitive value. In the declaration filed in support of sealing, eBay states that disclosure of this information would cause it to suffer economic harm "by giving competitors insight into confidential and sensitive information about eBay's internal business decision making related to the optional features, pricing, monetization, and revenue modeling." Hsu Decl. ¶ 9, ECF No. 80.

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79–5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006) (citation and internal quotation

1  marks omitted).

2  With respect to the second element, the showing required for overcoming the strong
3  presumption of access depends on the type of motion to which the document is attached. When a
4  party seeks to file materials in connection with a dispositive motion, the presumption can be
5  overcome only if the party presents "compelling reasons supported by specific factual findings
6  that outweigh the general history of access and the public policies favoring disclosure." Id. at
7  1178–79 (internal citation omitted). On the other hand, when a party seeks to file previously
8  sealed discovery materials in connection with a non-dispositive motion, the sealing party need not
9  meet the 'compelling reasons' standard "because those documents are often unrelated, or only
10 tangentially related, to the underlying cause of action." Id. at 1179 (citation and internal quotation
11 marks omitted).

12 Here, the compelling reasons standard applies to the motion to seal at issue, because the
13 motion was filed in connection with a motion for preliminary approval of a class action settlement,
14 which effectively is case dispositive. The Court concludes that the Hsu Declaration has
15 sufficiently established "compelling reasons" for sealing the information at issue, and that eBay
16 has established that the request to seal is narrowly tailored in accordance with Civil Local Rule 79-
17 5. Accordingly, the motion to seal is GRANTED.

18 The Court notes, however, that if it grants the motion for preliminary approval of a class
19 action settlement and conditionally certifies the proposed class for settlement purposes only, any
20 member of the settlement class may move for access to the sealed information on the ground that
21 such information is necessary to determine the reasonableness of the proposed settlement.

22 **IT IS SO ORDERED.**

23 Dated: November 1, 2013

JON S. TIGAR
United States District Judge