UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM LED, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>EBAY, INC, et al.,<br><br>    Defendants. | Case No. 12-cv-00350-JST<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: ECF No. 95 |

  A joint motion for final approval of a proposed settlement is pending in this putative class action for breach of contract and related claims. Plaintiff Custom LED moves to seal certain portions of the brief and the Dahl Declaration filed in support of the motion for final approval of the proposed settlement. ECF No. 95. Defendant eBay, the party who designated the materials at issue as confidential under a protective order, filed a declaration establishing that the designated information is sealable. ECF No. 95, Ex. 1.

  The information subject to sealing includes financial and performance metrics regarding Featured Plus!, the product giving rise to the claims at issue in this action, as well as the number of email addresses that received a notice in connection with the settlement. The court previously granted a motion to seal this information when it was filed in connection with the parties' joint motion for preliminary approval of the proposed settlement. ECF No. 83.

  A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79–5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks omitted).

//

1  With respect to the second element, the showing required for overcoming the strong
2  presumption of access depends on the type of motion to which the document is attached.  When a
3  party seeks to file materials in connection with a dispositive motion, the presumption can be
4  overcome only if the party presents "compelling reasons supported by specific factual findings
5  that outweigh the general history of access and the public policies favoring disclosure." Id. at
6  1178–79 (internal citation omitted).  On the other hand, when a party seeks to file previously
7  sealed discovery materials in connection with a non-dispositive motion, the sealing party need not
8  meet the 'compelling reasons' standard "because those documents are often unrelated, or only
9  tangentially related, to the underlying cause of action." Id. at 1179 (citation and internal quotation
10 marks omitted).

11 Here, the compelling reasons standard applies to the motion to seal at issue, because the
12 motion was filed in connection with a motion for final approval of a class action settlement, which
13 is case dispositive.  The court concludes that the Hsu Declaration, which eBay previously filed in
14 support of its motion to seal the same information at issue in connection with the parties' joint
15 motion for preliminary approval of the proposed settlement, has sufficiently established
16 "compelling reasons" for granting the motion to seal.  The court also finds that eBay has
17 established that the request to seal is narrowly tailored in accordance with Civil Local Rule 79-5.
18 Finally, the court notes that no settlement class member or other party has filed an objection to the
19 proposed sealing of this information.  Accordingly, the motion to seal is GRANTED.

20 **IT IS SO ORDERED.**

21 Dated: June 3, 2014

JON S. TIGAR
United States District Judge