James B. Hicks
250 East First Street, Suite 300
Los Angeles, CA 90012
Tel: (213) 972-8300
jhicks@hickslawusa.com

Class Member in Pro Per

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM LED, LLC,<br><br>        Plaintiff,<br><br>     v.<br><br>EBAY, INC., et al.,<br><br>        Defendants. | Case No. 3:12-CV-00350 (JST)<br><br>**CLASS MEMBER JAMES B. HICKS' REPLY BRIEF IN SUPPORT OF PREVI-OUSLY-FILED OBJECTIONS TO PROP-OSED CLASS ACTION SETTLEMENT**<br><br>Fairness Hearing Date: June 18, 2014<br>Time:           3:00 p.m.<br>Ctrm:         9 |

Class Member Hicks timely objected to the settlement on March 20, 2014. eBay did not respond, but Class counsel did respond, including challenging his standing to object. Hicks thus respectfully submits this reply brief, as follows:

1. Class counsel first objects to Hicks' standing to file objections, saying that Hicks supposedly is not a class member. But class counsel's own papers admit that Hicks' name appears on several eBay registrations that are class members, and eBay also concedes those eBay registrations are class members and were owned by Hicks' late mother Lany Hicks. Supp. Hicks Decl. ¶2 & Ex. A at p. 1 (eBay's counsel's admission that the Lany Hicks accounts "show as having incurred feature plus fees during the class period"). Hicks now owns those accounts (*id.*), so it cannot be disputed that he is a class member. To the extent any dispute still exists, Hicks asks that this hearing be continued, and that eBay be ordered to provide all information to him about the eBay registrations under his late mother Lany Hicks' name within ten days, and/or that he be allowed to take discovery on this issue.

REPLY BRIEF IN SUPPORT OF OBJECTIONS TO PROPOSED SETTLEMENT

2. Class counsel next objects that Hicks was sanctioned in other cases in the past. Hicks respectfully submits that such sanctions in other cases have nothing to do with the validity of this proposed class action settlement, and that class counsel's argument is just an attempt to distract the Court. Of course, Hicks stands ready to answer any questions the Court may have. *See* Supp. Hicks Decl. ¶3.

3. Hicks' first objection is that the proposed settlement illegally "caps" the total amounts of settlement monies to be paid to two separate groups of class members. Settlement Agreement ¶2.1(d). This division of settlement proceeds creates a conflict of interest for class counsel, and is also an invalid settlement provision that "departs from principles of equity." *National Super Spuds, Inc. v. New York Mercantile Exch.*, 660 F.2d 9, 19 (2d Cir. 1981) (rejecting a class action settlement with a division of settlement proceeds between different groups). *See generally* Hicks' Objections dated March 19, 2014, pp. 1-4.

Basically, one third of the "Net Settlement Fund" is available to the "Class Members paid in Time Period 1" group; while two thirds of the settlement fund is available to the separate "Time Period 2" group. Settlement Agreement ¶2.1(d). This percentage division of funds is not justified by any evidence in the Order, which just says that "eBay has evidence showing that Featured Plus! listings were shown in Featured Items sections for all searches in period 1 [while n]o such evidence exists with respect to the listings in period 2," so "the class members' claims in period 1 are significantly weaker than those in period 2." Order dated November 20, 2013 (the "Order"), at p. 4.

But if "eBay has conclusive evidence showing that Featured Plus! worked precisely as advertised during period 1" (*id.* at p. 13), then the Period 1 group should not be getting even half as much money as the Period 2 group; while if the Period 1 group instead has cognizable claims, there is no calculation as to their claims' relative value vis-à-vis Period 2 claims, and therefore no basis for valuing them at a fixed 50% or any other percentage of the value of Period 2 claims. Yet the proposed settlement agreement arbitrarily sets these percentages.

REPLY BRIEF IN SUPPORT OF OBJECTIONS TO PROPOSED SETTLEMENT

Class counsel denies there is a conflict of interest, but he is the person deciding how much one class of his clients should get vis-a-vis his other clients, thus limiting each of his client's potential recovery. And at best, the one-third/two-thirds split seems arbitrary, which also violates the *Super Spuds* decision. 660 F.2d at 19 (an arbitrary division of settlement proceeds robs Peter to pay Paul).

This arbitrary division of settlement proceeds also creates a "cap" on the amount of settlement funds available to either group – which also creates a separate and distinct conflict of interest between the groups, since the members of each group are contending for the same limited sum of money allocated to that group. In other words, if there is an excess of money available to class members as a whole, Group 1 members could get paid 50 cents on the dollar, while Group 2 members could get paid 100 cents on the dollar, or vice versa. Order at p. 4. As the *Super Spuds* case explains, such an arbitrary division of settlement proceeds also creates a conflict of interest for class counsel. 660 F.2d at 19 (rejecting class action settlement). Indeed, under Ninth Circuit law, such a conflict of interest precludes judicial approval of the settlement all by itself. *Hanlon v. Chrysler*, 150 F.3d 1011, 1020 (9th Cir. 1998).

These conflicts of interest are made even worse by the fact that any leftover monies allocated to either group will not be used to try to cure any possible short-fall to the other group, but will instead be paid to two nonprofit organizations to the exclusion of unpaid or underpaid class members. Settlement Agreement ¶2.1(h)(1). Although the Court's Order says at page 13 that there is a "nexus" between these nonprofit organizations and the class members, that is cold comfort to class members who are deprived of their portion of the settlement proceeds.

The bottom line is that using settlement monies to pay anybody other than class members "raise[s] a presumption of unfairness." *Sylvester v. CIGNA Corp.*, 369 F.Supp.2d 34, 47 (D. Me. 2005). If either group's funds are insufficient to pay the class members within that group, it makes no sense to give the other group's excess funds to third-party nonprofits rather than to the class members themselves.

1     *Id.  See Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (a *cy pres* award

2     is inferior "to giving the funds directly to class members").

3         Moreover, Paragraph 2.1(b) of the Settlement Agreement bases the class

4     counsel's percentage fee award on the <u>entire</u> estimated settlement amount, no

5     matter how much is actually paid to class members.  The provision tilts the benefit

6     of the settlement away from class members and toward class counsel, and again

7     "raise[s] a presumption of unfairness." *Sylvester, supra,* 369 F.Supp.2d at 47.

8         A class action suit settlement must protect the class members, and nothing

9     justifies an "uncompensated sacrifice of claims of members, whether few or many,

10    which were not within the description of claims assertable by the class." *Super*

11    *Spuds, supra*, 660 F.2d at 19.  *See Weinberger v. Kendrick*, 698 F.2d 61, 69 n.10

12    (2d Cir. 1982) (the court is "a guardian for class members" in a class action suit);

13    *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002) (noting that

14    some courts "have gone so far as to term the district judge in the settlement phase

15    of a class action suit a fiduciary of the class," with "the high duty of care that the

16    law requires of fiduciaries").

17         Thus, the Federal Judicial Center recommends that settlements "prorat[e] the

18    <u>total</u> settlement amount among the class members who file claims."  Rothstein &

19    Willging, *Managing Class Action Litigation – A Pocket Guide for Judges*, at p. 13

20    (Federal Judicial Center 2005) (emphasis added).  The undersigned asks that the

21    proposed settlement be rejected; or at the very least, that the settlement funds be

22    prorated among all class members who file claims, since "[p]rorating is a straight-

23    forward way to avoid the possibility of unclaimed funds and has become a standard

     practice in class settlements." *Id.*

24         4.  Hicks' second objection is that the proposed settlement is also invalid

25    because it allows class counsel to seek a fee award in an amount up to 25% of the

26    gross settlement fund, no matter how much is actually paid to class members.

27    Settlement Agreement ¶2.1(b).  This provision creates another conflict of interest

28    between class members and class counsel, this time over the appropriate fee

percentage -- and since eBay agrees not to oppose the fee motion (*id*.), it is also an illegal "clear sailing" provision by which attorney fees based on an inflated settlement figure will not be contested. *Sylvester, supra,* 369 F.Supp.2d at 47. *See generally* Hicks' Objections dated March 19, 2014, pp. 4-5.

This is a real problem, since the proposed settlement will apparently award a few dollars in credits to most class members, while practically guaranteeing a fee award of more than a million dollars (25% of $4.75 million) to class counsel. This appears to be an excessive fee which violates the fee guidelines laid out by the leading *Cendant* case. *In re Cendant Corp. PRIDES Lit.*, 243 F.3d 722, 735-36 (3d Cir. 2001) (reversing fee award). *See also In re Bluetooth Headset Prods. Liab. Lit.*, 654 F.3d 935, 947 (9th Cir. 2011) (precertification class action settlement agreements must not favor class counsel); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Albany*, 484 F.3d 162, 164 (2d Cir. 2007) (the class action fee amount should be "the minimum necessary to litigate the case effectively").

This fee provision again tilts the settlement's benefits away from class members and toward class counsel, thus "rais[ing] a presumption of unfairness" (*Sylvester, supra,* 369 F.Supp.2d at 47), and "at the fee determination stage, 'the district judge must protect the class's interest by acting as a fiduciary for the class.' " Rothstein, *supra,* at p. 22, citing *In re Rite Aid Corp. Securities Lit.,* 396 F.3d 294, 306-07 (3d Cir. 2005).

The undersigned therefore asks that the proposed settlement be rejected for this reason as well; or at the very least, that the fee award be set before approval of the settlement so class members know what to expect.[1]

5. Hicks objected that the proposed settlement contains a general release of claims complete with a Section 1542 waiver. Settlement Agreement ¶4.2. Thus, although the settlement purports to relate to "Disputed Fees" arising from eBay's

---

[1] The undersigned also respectfully asks the Court to cross-check class counsel's billing records, to provide the appellate court with a basis for reviewing the reasonableness of a fee award. *Rite Aid, supra,* 396 F.3d at 307; Rothstein, *supra*, p. 25.

**REPLY BRIEF IN SUPPORT OF OBJECTIONS TO PROPOSED SETTLEMENT**

"Featured Plus! Listing upgrade" (Settlement Agreement ¶1.8), it is not at all clear what effect the settlement agreement's general release and Section 1542 waiver may have on individual class members' other and unrelated claims against eBay and its "shareholders" etc. who are not identified to the class members – especially since class members are waiving all claims under "any legal theories **that could have been raised** based on the allegations of the Action." *Id*. (emphasis added). *See generally* Hicks' Objections dated March 19, 2014, at pp. 5-6.

Class counsel asserts that eBay will supposedly not enforce the general release or deprive class members of undisclosed claims, but who knows what position eBay itself may take in the future? *See General Motors Corp. v. S. Ct.*, 12 Cal.App.4th 435, 442 (1993) ($25K settlement of a fatal car accident with the other driver was found to waive all claims against the car's manufacturer). Such an unwitting waiver of claims in a class action settlement is especially unfair, and probably violates state and federal constitutional law under both due process and right of petition grounds. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (class action litigation must conform to due process and other constitutional requirements); *Super Spuds, supra*, 660 F.2d 9 (same); *Weinberger, supra*, 698 F.2d at 69 n.10, 71 (the court is "a guardian for class members").

As noted above, a class action settlement provision which tilts the settlement's benefits away from class members "rais[es] a presumption of unfairness" (*Sylvester, supra*, 369 F.Supp.2d at 47), and the undersigned suggests that general release language and Section 1542 provisions are inappropriate in class action settlement agreements. Most class members will likely not even review the settlement agreement until it is too late, and the undersigned believes that a class action settlement agreement should be specific and limited as to class members' releases.

6. Hicks finally objected that the proposed settlement available on the settlement website is incomplete, and does not include the exhibits referenced in its Paragraph 5.23. He still does not see the documents on the website, and inadequate notice is another due process violation. *See Mullane, supra*, 339 U.S. at 314 (class

REPLY BRIEF IN SUPPORT OF OBJECTIONS TO PROPOSED SETTLEMENT

action litigation must conform to due process requirements); *Super Spuds, supra,* 660 F.2d 9 (same).  Indeed, the Court rejected the original proposed settlement agreement in part because of notice problems (Order at p. 11), and this new proposed settlement should be rejected for this independent reason as well.  *See generally* Hicks' Objections dated March 19, 2014, p. 5.

## CONCLUSION

This Court has noted that class action settlements "must be fair, adequate, and reasonable."  Order at p. 7, citing Fed.R.Civ.P. 23(e)(2).  The Federal Judicial Center warns that the "terms of a settlement class action need careful scrutiny" (Rothstein, *supra*, pp. 15-16), and this rule applies with special force to pre-certification settlements.  *Dennis, supra,* 697 F.3d at 864; *Staton v. Boeing,* 327 F.3d 938, 952 (9th Cir. 2003).  *See also Weinberger, supra,* 698 F.2d at 69 n.10 (the court is "a guardian for class members" in a class action settlement); *Reynolds, supra,* 288 F.3d at 280 (same).

The proposed settlement should therefore be rejected for the above reasons.  Its approval would tell the world that class actions are business as usual -- *i.e.,* small payments to individual class members, and millions for class counsel.

Dated: June 13, 2014

By: _____
JAMES B. HICKS
Class Member in Pro Per

## SUPPLEMENTAL HICKS DECLARATION

I, James B. Hicks, declare as follows:

1. I am a member of the plaintiff class in this case as detailed below, and I make the following statements based on my personal knowledge. If called as a witness, I could and would testify competently to the same.

2. Class counsel objects to my standing to file objections, saying that I am supposedly not a class member. But class counsel's own papers admit that my name appears on several eBay registrations that are class members, and eBay also concedes those eBay registrations are class members and were owned by my late mother Lany Hicks. A true and correct copy of an e-mail chain between eBay's counsel and me is attached as Exhibit A, containing eBay's counsel's admission that the Lany Hicks accounts "show as having incurred feature plus fees during the class period." I am the sole heir and also the Administrator of the Lany Hicks estate, and true and correct copies of the Los Angeles Superior Court orders appointing me administrator of the estate are attached as Exhibit B. I have distributed ownership of these eBay accounts to myself, and I submit it cannot be disputed that I am a class member. To the extent any dispute exists, I respectfully ask that this hearing be continued; that eBay be ordered to give all information to me about the eBay registrations under the Lany Hicks name within ten days; and/or that I be allowed to take discovery on this issue in this case.

2. Class counsel next says I have been sanctioned and/or disciplined in other matters in the past. I respectfully submit that such sanctions and/or discipline in other matters have nothing to do with the validity of the proposed class action settlement, and that class counsel's argument is just an attempt to distract the Court. Of course, I stand ready to answer any questions the Court may have.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct, and that this was executed at Los Angeles, California on June 13, 2014. _____

James B. Hicks

EXHIBIT A

Subject:   RE: Objections to proposed eBay class action settlement -- Liane Hicks Estate (5)

From:      Sardo, Ray (rsardo@cooley.com)

To:        jamesbhicks@yahoo.com; wsomvichian@cooley.com; DWYERJC@cooley.com;

Cc:        jhicks@hickslawusa.com; pjohnson@hickslawusa.com;

Date:      Friday, May 16, 2014 7:24 PM


Mr. Hicks:

This is not the registered address eBay has on file. However, the address you provided does appear elsewhere in the record. As I previously mentioned, we have located one account in the name of "Lany" Wolker (not Liane). Accordingly, we will go ahead and send you the same information that we sent to class counsel as regards the account. That information is attached. We also located accounts in your own name. I have also attached the information we sent class counsel as regards those accounts. The Excel document shows feature plus fees incurred for the accounts in question. Information about your own accounts does not appear in that document because these accounts do not show as having incurred feature plus fees during the class period.

Thanks,
Ray                 (attachments redacted)

---

**From:** Jim Hicks [mailto:jamesbhicks@yahoo.com]
**Sent:** Friday, May 16, 2014 2:17 PM
**To:** Sardo, Ray; Somvichian, Whitty; Dwyer, John C.
**Cc:** James Hicks; Penny Johnson; Jim Hicks
**Subject:** Re: Objections to proposed eBay class action settlement -- Liane Hicks Estate (5)

The likely address is 824 Wilshire Blvd., Suite 300, Los Angeles, CA 90017 (which is no longer a valid mailing address for my mother's estate or me). I cannot provide other account information regarding my late mother's eBay accounts, but I have already sent you the court documents appointing me administrator of her estate. Please immediately provide all of the information regarding all of the accounts referenced in class action counsel's response to my objection. Thanks, Jim

---

**From:** "Sardo, Ray" <rsardo@cooley.com>
**To:** Jim Hicks <jamesbhicks@yahoo.com>; "Somvichian, Whitty" <wsomvichian@cooley.com>; "Dwyer, John C." <DWYERJC@cooley.com>
**Cc:** James Hicks <jhicks@hickslawusa.com>; Penny Johnson <pjohnson@hickslawusa.com>
**Sent:** Friday, May 16, 2014 9:52 AM
**Subject:** RE: Objections to proposed eBay class action settlement -- Liane Hicks Estate (5)

Mr. Hicks,

eBay takes precautions to ensure that private user information is not disclosed without the user's consent – that is why it requires the below information before turning over private user data. This is the same reason I was reluctant to provide you with private zip code information. I have now determined that I can provide that

information.  The registered zip code is 90017.  Please go ahead and provide me with the associated address so we can assess next steps.  It would also be helpful if you can provide any other identifying information (e.g., phone numbers or emails) so that we can better assess your claim.

Thanks,
Ray

---

**From:** Jim Hicks [mailto:jamesbhicks@yahoo.com]
**Sent:** Thursday, May 15, 2014 11:31 AM
**To:** Sardo, Ray; Somvichian, Whitty; Dwyer, John C.
**Cc:** James Hicks; Penny Johnson; Jim Hicks
**Subject:** Re: Objections to proposed eBay class action settlement -- Liane Hicks Estate (5)

I do not have the additional information that you request, as I previously told you, and you did not give me the registered zip code as I requested so I could identify the address.  I believe that "Lany Wolker" is a unique name, so that is obviously my late mother, and I demand that you produce all records relating to her accounts, as well as the accounts cited in the opposition papers that bear my name and that you shared with class counsel without requesting my permission.  Jim

---

**From:** "Sardo, Ray" <rsardo@cooley.com>
**To:** Jim Hicks <jamesbhicks@yahoo.com>; "Somvichian, Whitty" <wsomvichian@cooley.com>; "Dwyer, John C." <DWYERJC@cooley.com>
**Cc:** James Hicks <jhicks@hickslawusa.com>; Penny Johnson <pjohnson@hickslawusa.com>
**Sent:** Thursday, May 15, 2014 11:04 AM
**Subject:** RE: Objections to proposed eBay class action settlement -- Liane Hicks Estate (5)

Mr. Hicks,

None of the information we shared with class counsel (who is bound by a protective order) bears the name "Liane Hicks" or "Liane Wolker."  We have records in the name of "Lany Wolker" but the address in these records does not match the address you provided.  You also failed to provide a phone number, email address, or User ID from which we could make any correlation.  Do you have any information you can provide that would show that this is the same person?

Thanks,
Ray

---

**From:** Jim Hicks [mailto:jamesbhicks@yahoo.com]
**Sent:** Wednesday, May 14, 2014 5:43 PM
**To:** Sardo, Ray; Somvichian, Whitty; Dwyer, John C.
**Cc:** James Hicks; Jim Hicks; Penny Johnson
**Subject:** Re: Objections to proposed eBay class action settlement -- Liane Hicks Estate (5)

Let me respond to your requests as follows:

1.  The relevant contact information for your deceased relative, including last known address, telephone number, and email. -- My late mother had several addresses that she used for different purposes, including Liane Hicks,

P.O. Box 94742, Pasadena, CA 91109.  If you are looking for a different address, please let me know the zip code and I will try to give you the complete address.  I do not know what telephone number or e-mail address she used. I do

2.  The User Id(s) of your deceased relative. – I do not know her User Id(s).

3.  The letter of administration (I believe you already provided this). -- Additional copies attached.

4.  The death certificate -- attached.

5.  A specific description of the information you are seeking.  Simply requesting "information" (which is how your requests reads now) is insufficient.  -- I want all of the information relating to these accounts, including without limitation all information relating to the eBay programs covered by the class action lawsuit.

Please provide this requested information by 4:00 p.m. PST tomorrow, May 15, 2014,  Thanks, Jim

---

**From:** Jim Hicks <jamesbhicks@yahoo.com>
**To:** "Sardo, Ray" <rsardo@cooley.com>; "Somvichian, Whitty" <wsomvichian@cooley.com>; "Dwyer, John C." <DWYERJC@cooley.com>
**Cc:** Penny Johnson <pjohnson@hickslawusa.com>; James Hicks <jhicks@hickslawusa.com>; Jim Hicks <jamesbhicks@yahoo.com>
**Sent:** Wednesday, May 14, 2014 5:10 PM
**Subject:** Re: Objections to proposed eBay class action settlement -- Liane Hicks Estate (4)

Yet eBay has provided information about these accounts to class counsel who has cited it in his court papers.  I will try to gather the information you request, but in the meantime, I ask that you immediately give me all the information about these accounts bearing my name or my mother's name that you gave to class counsel.  Jim

---

**From:** "Sardo, Ray" <rsardo@cooley.com>
**To:** Jim Hicks <jamesbhicks@yahoo.com>; "Somvichian, Whitty" <wsomvichian@cooley.com>; "Dwyer, John C." <DWYERJC@cooley.com>
**Cc:** Penny Johnson <pjohnson@hickslawusa.com>; James Hicks <jhicks@hickslawusa.com>
**Sent:** Wednesday, May 14, 2014 1:40 PM
**Subject:** RE: Objections to proposed eBay class action settlement -- Liane Hicks Estate (4)

Mr. Hicks,

We have inquired with eBay as to the steps the relative of a deceased eBay user must take in order to recover the deceased's account information.  To process your request, eBay will need the following:

- The relevant contact information for your deceased relative, including last known address, telephone number, and email.
- The User Id(s) of your deceased relative.
- The letter of administration (I believe you already provided this)
- The death certificate
- A specific description of the information you are seeking.  Simply requesting "information" (which is how your requests reads now) is insufficient.

eBay usually requires that these requests be directed to its legal department.  However, in this instance we

(meaning outside counsel) have been authorized to accept your request on eBay's behalf. Once we receive the above information, we will submit it to eBay for processing.

Thank you,
Ray

---

**From:** Jim Hicks [mailto:jamesbhicks@yahoo.com]
**Sent:** Wednesday, May 14, 2014 11:02 AM
**To:** Somvichian, Whitty; Dwyer, John C.
**Cc:** Penny Johnson; James Hicks; Sardo, Ray; Jim Hicks
**Subject:** Re: Objections to proposed eBay class action settlement -- Liane Hicks Estate (4)

I'll wait to hear from you later today, Jim

---

**From:** "Somvichian, Whitty" <wsomvichian@cooley.com>
**To:** Jim Hicks <jamesbhicks@yahoo.com>; "Dwyer, John C." <DWYERJC@cooley.com>
**Cc:** Penny Johnson <pjohnson@hickslawusa.com>; James Hicks <jhicks@hickslawusa.com>; "Sardo, Ray" <rsardo@cooley.com>
**Sent:** Wednesday, May 14, 2014 8:48 AM
**Subject:** RE: Objections to proposed eBay class action settlement -- Liane Hicks Estate (4)

Mr. Hicks: We'll let you know where things stand later today. Thanks.

**Whitty Somvichian**
Litigation Partner
Cooley LLP ♦ 101 California ♦ 5th Floor
San Francisco, CA 94111-5800
Direct: 415-693-2061 ♦ Fax: 415-693-2222
Bio: www.cooley.com/wsomvichian ♦ Practice: www.cooley.com/litigation

---

**From:** Jim Hicks [mailto:jamesbhicks@yahoo.com]
**Sent:** Wednesday, May 14, 2014 1:06 AM
**To:** Somvichian, Whitty; Dwyer, John C.
**Cc:** Penny Johnson; James Hicks; Jim Hicks
**Subject:** Re: Objections to proposed eBay class action settlement -- Liane Hicks Estate (4)

You gave these accounts to class counsel to in his opposition papers, you obviously already have the information and are just refusing to give it to me. Please provide it immediately, Jim

---

**From:** James Hicks <jhicks@hickslawusa.com>
**To:** "Somvichian, Whitty" <wsomvichian@cooley.com>; "Dwyer, John C." <DWYERJC@cooley.com>
**Cc:** James Hicks <jhicks@hickslawusa.com>; "jamesbhicks@yahoo.com" <jamesbhicks@yahoo.com>; Penny Johnson <pjohnson@hickslawusa.com>
**Sent:** Monday, May 12, 2014 7:19 PM
**Subject:** RE: Objections to proposed eBay class action settlement -- Liane Hicks Estate (3)

This should not take forever. By tomorrow, May 13, 2014? Thanks, Jim

-----Original Message-----
From: Somvichian, Whitty [mailto:wsomvichian@cooley.com]
Sent: Monday, May 12, 2014 5:38 PM
To: James Hicks
Cc: Dwyer, John C.; jamesbhicks@yahoo.com; Penny Johnson
Subject: Re: Objections to proposed eBay class action settlement -- Liane Hicks Estate (2)

Mr. Hicks: We have passed along your request to eBay and will let you know status when we have a further update. Thank you.

Whitty Somvichian

On May 12, 2014, at 5:23 PM, "James Hicks" <jhicks@hickslawusa.com<mailto:jhicks@hickslawusa.com>> wrote:

No response?  Jim

From: Dwyer, John C. [mailto:DWYERJC@cooley.com]
Sent: Saturday, May 10, 2014 3:31 PM
To: James Hicks
Cc: jamesbhicks@yahoo.com<mailto:jamesbhicks@yahoo.com>; Penny Johnson; Somvichian, Whitty
Subject: RE: Objections to proposed eBay class action settlement -- Liane Hicks Estate

Jim:

   I have forwarded this to my colleague, Whitty Somvichian, to handle.  Thanks very much.

   John

John C. Dwyer
Cooley LLP
Physical Address:
3175 Hanover Street
Palo Alto, CA  94304-1130
Mailing Address:
Five Palo Alto Square * 3000 El Camino Real Palo Alto, CA  94306-2155
Direct: (650) 843-5228 * Fax: (650) 849-7400
Email: dwyerjc@cooley.com<mailto:dwyerjc@cooley.com> * www.cooley.com<http://www.cooley.com>
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

From: James Hicks [mailto:jhicks@hickslawusa.com]
Sent: Friday, May 09, 2014 3:43 PM
To: Dwyer, John C.
Cc: James Hicks; jamesbhicks@yahoo.com<mailto:jamesbhicks@yahoo.com>; Penny Johnson
Subject: Re: Objections to proposed eBay class action settlement -- Liane Hicks Estate
Importance: High

I understand that you represent eBay, and as you know, I have objected to the proposed eBay class action settlement on various grounds. I recently received class counsel's opposition papers, which note there are two eBay accounts associated with my name but in the name of somebody else, which accounts are part of the class. I believe these accounts were opened by my late mother Liane Hicks aka Liane Wolker, and I have been trying to get information about these accounts from eBay for several years, but with no success. I am the sole heir, and as you can see from the attached document, I am also the administrator of her estate. I therefore request that you provide the information relating to these accounts, as well as any other accounts associated with the names Liane Hicks or Liane Wolker, by 4:00 p.m. PST on Tuesday, May 13, 2014. Thanks you in advance for your cooperation, Jim

James B. Hicks
The Hicks Law Group

250 East First Street, Suite 300
Los Angeles, CA 90012
Tel: (213) 974-8300
Email: jhicks@hickslawusa.com<mailto:dbudge@hicksgaumer.com>
Website: www.hickslawusa.com<http://www.hicksgaumer.com/>

Think Green: Please consider the environment before printing this email.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties

under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
James B. Hicks (SBN 109117)
Hicks | Park LLP
824 Wilshire Blvd., Ste. 200
Los Angeles, CA 90017

TELEPHONE AND FAX NOS.:
213-612-0007
213-612-0373

ATTORNEY FOR *(Name):* Petitioner, James B. Hicks

FOR COURT USE ONLY

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 1 0 2009

JOHN A. CLARKE, CLERK

BY N. CEDEÑO, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Northeast District

ESTATE OF *(Name):*

Liane E. Hicks, etc.

DECEDENT

| ORDER FOR PROBATE | CASE NUMBER: |
|---|---|

**ORDER FOR PROBATE**

ORDER
APPOINTING

- [ ] Executor
- [ ] Administrator with Will Annexed
- [✓] Administrator   [ ] Special Administrator
- [✓] Order Authorizing Independent Administration of Estate
  - [✓] with full authority   [ ] with limited authority

CASE NUMBER:

GP 014 453

**WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.**

1. Date of hearing: July 10, 2009   Time: 9:00 a.m.   Dept./Room: A   Judge: ~~Coleman A. Swart~~ *Candace Beason*

THE COURT FINDS
2. a. All notices required by law have been given.
   b. Decedent died on *(date):* September 29, 2009
      (1) [✓] a resident of the California county named above.
      (2) [ ] a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) [✓] intestate
      (2) [ ] testate
      and decedent's will dated:                      and each codicil dated:
      was admitted to probate by Minute Order on *(date):*

THE COURT ORDERS
3. *(Name):* James B. Hicks
   is appointed **personal representative:**
   a. [ ] executor of the decedent's will
   b. [ ] administrator with will annexed
   c. [X] administrator
   d. [✓] special administrator
      (1) [✓] with general powers
      (2) [ ] with special powers as specified in Attachment 3d(2)
      (3) [ ] without notice of hearing
      (4) [ ] letters will expire on *(date):*
   and letters shall issue on qualification. ~~Appointment of referee is waived.~~

4. a. [✓] **Full authority** is granted to administer the estate under the Independent Administration of Estates Act.
   b. [ ] **Limited authority** is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

5. a. [✓] Bond is not required.
   b. [ ] Bond is fixed at: $                      to be furnished by an authorized surety company or as otherwise provided by law.
   c. [ ] Deposits of: $                      are ordered to be placed in a blocked account at *(specify institution and location):*
      and receipts shall be filed. No withdrawals shall be made without a court order. [ ] Additional orders in Attachment 5c.
   d. [ ] The personal representative is not authorized to take possession of money or any other property without a specific court order.

6. [ ] *(Name):*                      is appointed probate referee.

7. Status hearing set for 7/10/10

Date: JUL 1 0 2009

8. Number of pages attached:

*Candace J Beason*
JUDGE OF THE SUPERIOR COURT

[ ] SIGNATURE FOLLOWS LAST ATTACHMENT

**ORDER FOR PROBATE**

Probate Code, §§ 8006, 8400

American LegalNet, Inc.
www.USCourtForms.com

(B)

1

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

**DE-150**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
James B. Hicks (SBN 109117)
Hicks | Park LLP
824 Wilshire Blvd., Ste. 200
Los Angeles, CA 90017

TELEPHONE AND FAX NOS.:
213-612-0007
213-612-0373

FOR COURT USE ONLY

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 1 0 2009

JOHN A. CLARKE, CLERK

BY N. CEDENO, DEPUTY

ATTORNEY FOR (Name): Petitioner, James B. Hicks

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Northeast District

ESTATE OF (Name):

Liane E. Hicks, etc.

DECEDENT

CASE NUMBER:
GP 014 453

## LETTERS

LETTERS
- [ ] TESTAMENTARY
- [ ] OF ADMINISTRATION WITH WILL ANNEXED
- [✓] OF ADMINISTRATION
- [ ] SPECIAL ADMINISTRATION

1. [ ] The last will of the decedent named above having been proved, the court appoints (name):

   a. [ ] executor.
   b. [ ] administrator with will annexed.

2. [✓] The court appoints (name):
   James B. Hicks
   a. [✓] administrator of the decedent's estate.
   b. [ ] special administrator of decedent's estate
      (1) [ ] with the special powers specified in the Order for Probate.
      (2) [ ] with the powers of a general administrator.
      (3) [ ] letters will expire on (date):

3. [✓] The personal representative is authorized to administer the estate under the Independent Administration of Estates Act [✓] with full authority [ ] with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. [ ] The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)

Date: JUL 1 0 2009

Clerk, by

JOHN A. CLARKE

(DEPUTY)

NOEMI CEDENO

## AFFIRMATION

1. [ ] PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. [✓] INDIVIDUAL: I solemnly affirm that I will perform the duties of personal representative according to law.

3. [ ] INSTITUTIONAL FIDUCIARY (name):

   I solemnly affirm that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer. (Name and title):

4. Executed on (date): July 10, 2009
   at (place): Pasadena                                    , California.

   ▶ _____
   (SIGNATURE)

## CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

(SEAL)

Date: JUL 1 0 2009

Clerk, by

JOHN A. CLARKE

(DEPUTY)

NOEMI CEDENO

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]

**LETTERS**
(Probate)

Probate Code, §§ 1001, 8403,
8405, 8544, 8545;
Code of Civil Procedure, § 2015.6

American LegalNet, Inc. | www.USCourtForms.com

JS

## Certificate of Service

I, Penny Johnson, declare as follows:

On June 13, 2014, I served the attached document on all interested parties by e-filing the document. I understand that copies will be sent to all interested parties by the Court's e-filing system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate, and that this declaration was executed at Los Angeles, California on June 13, 2014.

_____
Penny Johnson

4816-2975-4128, v. 1