James B. Hicks
250 East First Street, Suite 300
Los Angeles, CA 90012
Tel: (213) 972-8300
jhicks@hickslawusa.com

Class Member in Pro Per

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM LED, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>EBAY, INC., et al.,<br><br>    Defendants. | Case No. 3:12-CV-00350 (JST)<br><br>**CLASS MEMBER JAMES B. HICKS' OBJECTIONS TO THE COURT'S ORDER DATED JUNE 24, 2014** |

Class Member Jim Hicks timely objected to the proposed settlement, but the Court overruled his objections in its Order dated June 24, 2014 (the "Order"). He objects to the Order on all the grounds stated in his prior filings, and as follows:

1. The Order acknowledges that "Hicks objected to the settlement, gave notice to appear, and provided proof of service on all parties." Order at p. 9. Yet the Court overruled Hicks' objections because Hicks supposedly failed to file his objections by the Court-ordered deadline of March 20, 2014, and found that "Hicks never filed the objection and notice to appear with the Court." *Id.* at pp. 10-11.

Those findings lack any basis. Attached as Exhibit A is a copy of Hicks' March 19, 2014 letter to the court clerk enclosing his objection to be filed by March 20, 2014, a copy of which is attached as Exhibit B. Exhibit C is a copy of the FedEx waybill showing these documents were sent for delivery on March 19, 2014, and Exhibit D is a copy of the FedEx Proof of Delivery showing <u>they were timely delivered to the court clerk at 10:29 a.m. on March 20, 2014</u>. Exh. D, p. 1.

1

1       Although the court clerk apparently failed to formally file Hicks' objections,

2   Federal Rule of Civil Procedure 5(d)(2)(A) says "[a] paper is filed by delivering it

3   . . . to the clerk." *See also* Fed.R.Civ.P. 5(d)(4)  ("The clerk must not refuse to file

4   a paper solely because it is not in the form prescribed by these rules or by a local

5   rule or practice.").

6       Thus, Hicks' objection and notice of appearance were timely received by the

7   court clerk on March 20, 2014, so they were timely filed that day. *Mwabira-Simera*

8   *v. Howard Univ.,* 692 F.Supp.2d 65, 72 (D.D.C.2010) (the date on which a

9   document is received by the court clerk is the date of filing).   Hicks therefore

10  respectfully asks that the Order be set aside and vacated for that reason.

11      2. The Order next says "the objection that [Hicks] mailed to Custom LED's

12  counsel was late." Order at p. 11.  Hicks again objects that this finding lacks any

13  basis.   The proof of service attached to the objections show they were timely

14  served by mail on Custom LED's counsel (and all other interested persons) on

15  March 19, 2014.  Exh. B. at pp. 8-9.  Paragraph G of the Court's November 20,

16  2013 scheduling order allowed service by mail, which was valid and timely as a

17  matter of law.  Fed.R.Civ.P. 5(b)(2)(C) ("service is complete upon mailing").  The

    Order should be set aside and vacated for this reason as well.

18      3. The Order says "Hicks lacks standing to object because he has provided

19  no evidence to demonstrate that he is an aggrieved class member." Order at pp. 9-

20  10.  That finding again lacks any factual basis.  First of all, all the parties waived

21  this objection by failing to raise it at all, except for Custom LED's counsel who

22  argued in his opposition papers that Hicks is supposedly not a class member.  But

23  Custom LED's own papers admitted that Hicks' name appears on several eBay

24  registrations that are class members, and eBay also conceded that those eBay

25  registrations are class members and were owned by Hicks' late mother Lany Hicks.

26  Supp. Hicks Decl. dated June 13, 2014, at ¶2 & Ex. A at p. 1 (eBay's counsel's

27  admission that the Lany Hicks accounts "show as having incurred feature plus fees

28  during the class period").

**OBJECTIONS TO COURT ORDER DATED JUNE 24, 2014**

It is undisputed that Hicks now owns those accounts (*id.*), so it similarly cannot be disputed that he is a class member. To the extent a dispute still existed, Hicks timely asked that the June 18, 2014 hearing be continued, and that eBay be ordered to provide all information to him about the eBay registrations under his late mother Lany Hicks' name, and/or that he be allowed to take discovery on this issue. Hicks again requests this relief, and respectfully asks that the Order be set aside and vacated for this reason as well.

4. Hicks first objected that the proposed settlement illegally "caps" the total amounts of settlement monies to be paid to two separate groups of class members. Settlement Agreement ¶2.1(d). This division of settlement proceeds created a conflict of interest for class counsel, and is also an invalid settlement provision that "departs from principles of equity." *National Super Spuds, Inc. v. New York Mercantile Exch.*, 660 F.2d 9, 19 (2d Cir. 1981) (rejecting a class action settlement with a division of settlement proceeds between different groups). *See generally* Hicks' Objections dated March 19, 2014, pp. 1-4.

The Order finds that the allocation plan "is not arbitrary . . . and does not create a conflict of interest," because "the different recoveries it provides are based on the relative strength of the class members' claims." Order at p. 11. But there is no evidence that this is true, and the Court just accepted an unsupported assertion that "eBay has evidence showing that Featured Plus! listings were shown in Featured Items sections for all searches in period 1 [while supposedly n]o such evidence exists with respect to the listings in period 2," so without any real evidence, the Court found that "the class members' claims in period 1 are signifi-cantly weaker than those in period 2." Order dated November 20, 2013, at p. 4.

But if "eBay has conclusive evidence showing that Featured Plus! worked precisely as advertised during period 1" (*id.* at p. 13), then the Period 1 group should not be getting even half as much money as the Period 2 group; while if the Period 1 group actually has cognizable claims, there is no calculation as to their claims' relative value vis-à-vis Period 2 claims, and therefore no basis for valuing

3

them at a fixed 50% or any other percentage of the value of Period 2 claims.  Yet the proposed settlement agreement arbitrarily sets these percentages.  *Id.*

Although the Court accepted at face value class counsel's denial that there was a conflict of interest, <u>class counsel was the person deciding how much one class of his clients should get vis-a-vis his other clients, thus limiting each of his client's potential recovery</u>, **which is an obvious conflict of interest between his two group of clients, especially since nobody seems to have been checking his decisions to limit one group of clients' recovery vis-a-vis another's.**  And at best, the one-third/two-thirds split seems arbitrary, which also violates the *Super Spuds* decision.  660 F.2d at 19 (an arbitrary division of settlement proceeds robs Peter to pay Paul).

A class action suit settlement must protect the class members (*Super Spuds, supra,* 660 F.2d at 19), so the court is "a guardian for class members" in a class action suit. *Weinberger v. Kendrick,* 698 F.2d 61, 69 n.10 (2d Cir. 1982).  Thus, the district judge in the settlement phase of a class action suit is a fiduciary of the class," with "the high duty of care that the law requires of fiduciaries." *Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277, 280 (7th Cir. 2002).

In this case, the arbitrary division of settlement moneys created an enormous conflict of interest for class counsel -- *Super Spuds, supra,* 660 F.2d at 19 (rejecting class action settlement) -- and **under Ninth Circuit law, such a conflict of interest precludes judicial approval of the settlement all by itself.** *Hanlon v. Chrysler,* 150 F.3d 1011, 1020 (9th Cir. 1998).  Hicks respectfully asks that the Order be set aside and vacated for this additional reason.

5.  Hicks next objected that the proposed settlement's conflicts of interest were made even worse by the fact it proposed that any leftover monies allocated to either group would not be used to try to cure any possible shortfall to the other group, but would instead be paid to two nonprofit organizations to the exclusion of unpaid or underpaid class members.  Draft Settlement Agreement ¶2.1(h)(1).

Although the Court's November 20, 2013 Order said there was a "nexus"

4

1  between these nonprofit organizations and the class members, that would be cold
2  comfort to class members who are deprived of their portion of the settlement
3  proceeds. Using such settlement monies to pay anybody other than class members
4  "raise[d] a presumption of unfairness." *Sylvester v. CIGNA Corp.*, 369 F.Supp.2d
5  34, 47 (D. Me. 2005). Hicks thus objected that if either group's funds were
6  insufficient to pay the class members within that group, it made no sense to give
7  the other group's excess funds to third-party nonprofits rather than to the class
8  members themselves. *Id*. *See Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir.
9  2012) (a *cy pres* award is inferior "to giving the funds directly to class members").
10 *See generally* Hicks' Objections dated March 19, 2014, pp. 3-5.

11      In response to Hicks' objections, class counsel and eBay modified the
12 proposed settlement agreement to try to avoid this *cy pres* issue, **but they failed to**
13 **give notice to the class members**, which is another due process violation.
14 *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (class
15 action litigation must conform to due process and other constitutional require-
16 ments); *Super Spuds, supra*, 660 F.2d 9 (same). Hicks asks that the Order be set
17 aside and vacated for this additional reason as well.

18      6. Hicks next objected the settlement would allow class counsel to seek a
19 fee award of 25% of the gross settlement fund, no matter how much is actually
20 paid to class members. Settlement Agreement ¶2.1(b). This provision created
21 another conflict of interest between class members and class counsel, this time
22 over the appropriate fee percentage -- and since eBay agreed not to oppose the fee
23 motion (*id.*), it was also an illegal "clear sailing" provision by which attorney fees
24 based on an inflated settlement figure will not be contested. *Sylvester, supra,* 369
25 F.Supp.2d at 47. *See* Hicks' Objections dated March 19, 2014, pp. 4-5.

26      This is a real problem, since the settlement awards a few dollars in credits to
27 most class members, while guaranteeing a fee award of more than a million dollars
28 (25% of $4.75 million) to class counsel. This appears to be an excessive fee which
violates the leading fee guidelines. *In re Cendant Corp. PRIDES Lit.*, 243 F.3d

722, 735-36 (3d Cir. 2001) (reversing fee award). *See In re Bluetooth Headset Prods. Liab. Lit.*, 654 F.3d 935, 947 (9th Cir. 2011) (precertification class action settlement agreements must not favor class counsel); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Albany*, 484 F.3d 162, 164 (2d Cir. 2007) (class action fee amounts should be "the minimum necessary to litigate the case effectively").

This fee provision exacerbates the other conflicts of interest for class counsel, and as noted above, **conflicts of interest preclude judicial approval of the settlement**. *Hanlon, supra*, 150 F.3d at 1020. Hicks thus asks that the Order be set aside and vacated for this additional reason as well, because "at the fee determination stage, 'the district judge must protect the class's interest by acting as a fiduciary for the class.' " Rothstein & Willging, *Managing Class Action Litigation – A Pocket Guide for Judges*, at p. 22 (Federal Judicial Center 2005), citing *In re Rite Aid Corp. Securities Lit.,* 396 F.3d 294, 306-07 (3d Cir. 2005).

7. The Court has noted that class action settlements "must be fair, adequate, and reasonable." Order dated Nov. 20, 2013, at p. 7, citing Fed.R.Civ.P. 23(e)(2). The Federal Judicial Center warns that the "terms of a settlement class action need careful scrutiny" (Rothstein, *supra*, pp. 15-16), and this rule applies with special force to pre-certification settlements. *Staton v. Boeing*, 327 F.3d 938, 952 (9th Cir. 2003). And as noted above, the court is "a guardian for class members." *Weinberger, supra,* 698 F.2d at 69 n.10; *Reynolds, supra*, 288 F.3d at 280.

The Order approving the settlement should be vacated fo9r all the above reasons and those previously raised by Hicks. Leaving it in place will tell the world that class actions are business as usual -- *i.e.*, small payments to individual class members, and millions for class counsel.

Dated: July 23, 2014

By: _____
JAMES B. HICKS
Class Member in Pro Per

6

1

## HICKS DECLARATION

2       I, James B. Hicks, declare as follows:

3       1.  I am a member of the plaintiff class in this case, and I make the following

4 statements based on my personal knowledge.  If called as a witness, I could and

5 would testify competently to the same.

6       2.  Attached as Exhibit A is a true and correct copy of my March 19, 2014

7 letter to the court clerk enclosing my objection to be filed by March 20, 2014, a

8 true and correct copy of which is attached as Exhibit B.  Exhibit C is a true and

9 correct copy of the FedEx waybill showing these documents were sent for delivery

10 on March 19, 2014, and Exhibit D is a true and correct copy of the FedEx Proof of

11 Delivery showing they were timely delivered to the court clerk at 10:29 a.m. on

12 March 20, 2014.  *See* Exh. D at p. 1.

13       I declare under penalty of perjury under the laws of the United States of

14 America that the above is true and correct, and that this was executed at Los

15 Angeles, California on July 23, 2014.

16                                          _____

17                                              James B. Hicks

18

19

20

21

22

23

24

25

26

27

28

7